**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PAUL A. JONES,**

    **Plaintiff,**

v.                                                **Case No:**

**BADCOCK HOME FURNITURE**,

    **Defendant.**                        **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **PAUL A. JONES** ("Mr. Jones" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, BADCOCK HOME FURNITURE** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), by using an automatic telephone dialing system, artificial voice, or prerecorded message to place calls to Mr. Jones' cellular telephone after Mr. Jones demanded that Defendant stop calling him.

2. Further, this action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by continuing to call Mr. Jones' cellular telephone after Mr. Jones demanded that Defendant stop calling him

and informed Defendant that Mr. Jones did not owe the alleged debt, which can reasonably be expected to harass Mr. Jones.

### *Jurisdiction and Venue*

3. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

4. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

5. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

6. Plaintiff, Mr. Jones, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

7. Mr. Jones is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-5933 ("Mr. Jones's Cellular Telephone").

8. At all times material hereto, Defendant was and is a corporation with its principal place of business in the State of Florida, located at W.S. Badcock Corporation, 200 North Phosphate Boulevard, Mulberry, Florida 33860.

### *Statements of Fact*

9. In early 2017, Mr. Jones purchased furniture using Defendant's in-house financing program, which opened a unique account in Mr. Jones' name ("Account").

10. In or around May of 2017, Defendant began placing calls to Mr. Jones' Cellular Telephone.

11. In June of 2017, Mr. Jones went into Defendant's store to remit payment towards the Account and requested that Defendant stop calling Mr. Jones' Cellular Telephone.

12. During the June of 2017 conversation with Defendant, Mr. Jones explained that Defendant keeps calling him while he is at work and that Mr. Jones has never been late on payments towards the Account so Defendant's calls need to stop.

13. Defendant, in response to Mr. Jones' request, agreed to remove Mr. Jones' Cellular Telephone number from their internal contact file for Mr. Jones.

14. Despite Mr. Jones' request that Defendant stop calling his Cellular Telephone, Defendant's calls to Mr. Jones' Cellular Telephone continued.

15. In or around March of 2018, Defendant charged Mr. Jones a $15.00 late fee ("Debt") despite Mr. Jones never being late on payments towards the Account.

16. Mr. Jones disputed the Debt with Defendant because Mr. Jones had never been late on his payments towards the Account.

17. Mr. Jones spoke with one of Defendant's representatives again in or around March of 2018 and demanded that Defendant stop calling his Cellular Telephone because he did not owe the Debt.

18. Defendant continued to call Mr. Jones' Cellular Telephone in attempts to collect the Debt through May of 2018.

19. Despite Mr. Jones' demands, Defendant called Mr. Jones' Cellular Telephone at least fifty (50) times from June of 2017 through May of 2018.

### *Count 1: Violation of the Telephone Consumer Protection Act*

20. Mr. Jones re-alleges paragraphs 1-19 and incorporates the same herein by reference.

21. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

22. Mr. Jones revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around June of 2017 when he expressly told Defendant to stop calling him.

23. Mr. Jones revoked consent to have Defendant call his Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message again in or around March of 2018 when he expressly told Defendant to stop calling him.

24. Despite Mr. Jones' revocations of consent, Defendant thereafter called Mr. Jones's Cellular Telephone at least fifty times from June of 2017 through May of 2018.

25. Defendant did not place any emergency calls to Mr. Jones's Cellular Telephone.

26. Defendant willfully and knowingly placed non-emergency calls to Mr. Jones's Cellular Telephone.

27. Mr. Jones knew that Defendant called Mr. Jones's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

28. Mr. Jones knew that Defendant called Mr. Jones's Cellular Telephone using a prerecorded voice because Defendant left Mr. Jones at least one voicemail using a prerecorded voice.

29. Defendant used an ATDS when it placed at least one call to Mr. Jones's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Jones's Cellular Telephone.

31. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Jones's Cellular Telephone.

32. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Jones's Cellular Telephone.

33. At least one call that Defendant placed to Mr. Jones's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

34. At least one call that Defendant placed to Mr. Jones's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

35. At least one call that Defendant placed to Mr. Jones's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

36. At least one call that Defendant placed to Mr. Jones's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

37. At least one call that Defendant placed to Mr. Jones's Cellular Telephone was made using a prerecorded voice.

38. Defendant has recorded at least one conversation with Mr. Jones.

39. Defendant has recorded more than one conversation with Mr. Jones.

40. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Jones, for its financial gain.

41. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Jones' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

42. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Jones, despite individuals like Mr. Jones revoking any consent that Defendant believes it may have to place such calls.

43. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Jones's Cellular Telephone.

44. Defendant has corporate policies to abuse and harass consumers like Mr. Jones despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

45. Defendant's phone calls harmed Mr. Jones by trespassing upon and interfering with Mr. Jones's rights and interests in his Cellular Telephone line.

46. Defendant's phone calls harmed Mr. Jones by wasting his time.

47. Defendant's phone calls harmed Mr. Jones by being a nuisance and causing him aggravation.

48. Defendant's phone calls harmed Mr. Jones by causing a risk of personal injury to Mr. Jones due to interruption and distraction.

49. Defendant's phone calls harmed Mr. Jones by invading his privacy.

50. Defendant's phone calls harmed Mr. Jones by causing him embarrassment.

51. Defendant's phone calls harmed Mr. Jones by causing him emotional distress.

52. Defendant's phone calls harmed Mr. Jones by causing him to lose sleep.

53. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

54. Mr. Jones re-alleges paragraphs 1-19 and incorporates the same herein by reference.

55. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Jones' Cellular Telephone despite Mr. Jones' demands that Defendant cease its calls, which can reasonably be expected to harass Mr. Jones.

b. Defendant violated Fla. Stat. § 559.72(9) by attempting to collect on the Debt by placing calls to Mr. Jones' Cellular Telephone despite Mr. Jones' dispute that he was never late and should not owe the Debt.

56. As a result of the above violations of the FCCPA, Mr. Jones has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

57. Defendant's phone calls harmed Mr. Jones by trespassing upon and interfering with Mr. Jones's rights and interests in his Cellular Telephone line.

58. Defendant's phone calls harmed Mr. Jones by wasting his time.

59. Defendant's phone calls harmed Mr. Jones by being a nuisance and causing him aggravation.

60. Defendant's phone calls harmed Mr. Jones by causing a risk of personal injury to Mr. Jones due to interruption and distraction.

61. Defendant's phone calls harmed Mr. Jones by invading his privacy.

62. Defendant's phone calls harmed Mr. Jones by causing him embarrassment.

63. Defendant's phone calls harmed Mr. Jones by causing him emotional distress.

64. Defendant's phone calls harmed Mr. Jones by causing him to lose sleep.

65. It has been necessary for Mr. Jones to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

66. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. §559.77;

     b. Awarding actual damages;

     c. Awarding punitive damages;

     d. Awarding costs and attorneys' fees;

     e. Ordering an injunction preventing further wrongful contact by the Defendant; and

     f. Any other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Paul A. Jones, demands a trial by jury on all issues so triable.

Respectfully submitted this **November 27, 2018**,

                              */s/ Kaelyn Steinkraus*
                              Kaelyn Steinkraus, Esq.
                              Florida Bar No. 125132
                              kaelyn@zieglerlawoffice.com

                              */s/ Michael A. Ziegler*
                              Michael A. Ziegler, Esq.
                              Florida Bar No. 74864
                              mike@zieglerlawoffice.com

                              Law Office of Michael A. Ziegler, P.L.
                              13575 58th Street North, Suite 129
                              Clearwater, FL 33760
                              (p)  (727) 538-4188
                              (f)  (727) 362-4778
                              Attorneys and Trial Counsel for Plaintiff