# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PAUL A. JONES,

    Plaintiff,

v.

                              Case No. 8:18-cv-2886-WFJ-AAS

BADCOCK HOME FURNITURE,

    Defendant.
_____/

## DEFENDANT, W.S. BADCOCK CORPORATION'S
## MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Defendant, W.S. Badcock Corporation ("Badcock"), by and through undersigned counsel and pursuant to section 559.77(2), Florida Statutes (2018), hereby moves this Court to enter an order awarding Badcock its reasonable attorneys' fees and costs against Plaintiff, Paul Jones ("Mr. Jones"), and as grounds therefor Badcock states:

1. Badcock seeks an award of its reasonable attorneys' fees incurred in responding to and defending against Mr. Jones' Complaint filed with this Court and Demand for Arbitration filed with the JAMS arbitral forum on the ground that his claims failed to raise a justiciable issue of law or fact. Badcock seeks an award of fees and costs against Mr. Jones only, not his counsel.

2. On November 27, 2018, Mr. Jones filed the Complaint with Injunctive Relief Sought against Badcock alleging violations of the Telephone Consumer Protection Act ("TCPA") in Count 1 and violations of the Florida Consumer Collection Practices Act ("FCCPA") in Count 2. (Dkt. 1).

3. The Complaint alleges, in pertinent part, that Mr. Jones began receiving calls in May 2017 regarding an outstanding balance on his account with Badcock, Mr. Jones had never been late on a payment, Badcock charged Mr. Jones late payment fees notwithstanding his belief that he had never been late on a payment, Mr. Jones told an employee of Badcock in June 2017 that Badcock must stop calling him, and Badcock nonetheless called Mr. Jones regarding his account at least fifty times from June 2017 to May 2018. (Dkt. 1 at ¶¶ 10-19).

4. On January 9, 2019, this Court entered an Order staying the case pending completion of arbitration pursuant to a contract between Mr. Jones and Badcock. (Dkt. 11).

5. On or about February 21, 2019, Mr. Jones submitted a Demand for Arbitration with JAMS seeking relief for the same claims he initially asserted in the Complaint filed with this Court.

6. Between the time that Mr. Jones filed the Complaint and filed the Demand for Arbitration, Badcock had the opportunity to thoroughly investigate his claims as well as the history of the interactions between him and Badcock regarding his account. Badcock determined that Mr. Jones' claims raised no justiciable issues of law or fact, and further that Mr. Jones knew or should have known that his claims were frivolous at the time he filed them against Badcock.

7. Mr. Jones opened an account with Badcock in June 2017, a month later than he alleges he began to receive calls from Badcock regarding his account. When Mr. Jones opened his account, he provided a phone number ending in -5933 as his home phone number.

8. According to Badcock's business records, it made twelve calls regarding Mr. Jones' account to the phone number ending in -5933 from October 2017 to June 2018; it had audio recordings of two calls where Mr. Jones actually spoke with a Badcock employee; Mr. Jones never requested that Badcock stop calling his cell phone specifically or stop calling him generally; and a Badcock employee on at least one occasion corrected Mr. Jones' stated belief that his payments

2

were due on the fifteenth of each month and advised him that payments were actually due on the fifth of each month. Although payments are due on the fifth, Badcock affords its customers a grace period where they will not be charged a late fee if they make a payment by the fifteenth of the month.

9. Mr. Jones has a history of abusive conduct and of making false claims against Badcock and its employees. During a call on April 6, 2018 on which a Badcock employee spoke with Mr. Jones regarding his account, Mr. Jones called that employee a "motherf*****." The Badcock employee was forced to terminate the call when Mr. Jones continued to speak over her and again shouted profanity at her by stating "f*** you."[1]

10. Mr. Jones also called Badcock on June 29, 2018, and stated to the employee with whom he spoke that a store manager assaulted him by spitting in his face, demanded that Badcock have the manager arrested, threatened to call the "district attorney," and demanded to speak with "W.S. Badcock."

11. Due to the ongoing harassment and abusive behavior Badcock employees received from Mr. Jones, Badcock took the unusual step of flagging his account and ceasing all further attempts to communicate with him notwithstanding the facts that there was an outstanding balance on Mr. Jones' account and Mr. Jones had not requested that the calls stop, had not advised Badcock that he had retained an attorney, and had not stated that he was declaring bankruptcy or made other similar statements for which Badcock's typical policy would have been to flag his account and cease communications.

---

[1] Badcock is prepared to provide the Court with a copy of the audio recordings or with transcripts of the two recorded calls at the Court's request, and will otherwise rely upon the audio recordings as evidence that Mr. Jones's claims failed to raise a justiciable issue of law or fact should this Court hold a hearing on this motion.

12. After receiving Mr. Jones' Demand for Arbitration and completing its internal investigation into Mr. Jones' allegations, Badcock invited him to dismiss his claims with prejudice in consideration for Badcock not seeking an award of fees and costs against him pursuant to section 559.77(2), Florida Statutes, on the ground that his claims failed to raise a justiciable issue of law or fact.

13. On March 8, 2019, Badcock delivered a letter to Mr. Jones through counsel outlining its findings regarding his account and invited him to dismiss his claims with prejudice. The letter included an audio recording of the April 6, 2018 call in which Mr. Jones engaged in the shocking verbal abuse of a Badcock employee.

14. On April 1, 2019, Badcock e-mailed Mr. Jones through counsel to provide additional business records of its interactions with Mr. Jones and an additional audio recording of a call in further effort to demonstrate that he knew or should have known his claims were frivolous and to accordingly invite him to dismiss with prejudice his claims, with each side bearing its own fees and costs, in consideration for Badcock not seeking an award of attorneys' fees and costs against him.

15. The parties were unable to achieve a stipulated resolution of this matter notwithstanding the good-faith efforts of counsel for both parties.

16. Mr. Jones filed the Unopposed Motion for Voluntary Dismissal Without Prejudice (Dkt. 12), which this Court granted (Dkt. 13).[2]

---

[2] Badcock advised Mr. Jones' counsel that the motion for voluntary dismissal could be designated as unopposed pursuant to Local Rule 3.01(g) because Badcock did not oppose the ultimate relief requested, dismissal, but rather advised that it would preserve its rights to seek fees and costs under section 559.77(2) should Mr. Jones voluntarily dismiss his claims without prejudice. Candidly, Badcock was also in doubt as to whether it would have a legal basis to oppose a dismissal in light of the current procedural posture of this proceeding both in this Court and in arbitration, and

17. Badcock believes it likely that Mr. Jones was unwilling to dismiss his claims with prejudice because he intends to refile the same claims either *pro se* or with the assistance of different counsel.

18. Notwithstanding Mr. Jones' reasons for refusing to dismiss his claims with prejudice, the claims he filed in this proceeding failed to raise a justiciable issue of law or fact and Badcock accordingly seeks an award of its reasonable attorneys' fees and costs pursuant to section 559.77(2), Florida Statutes.

## **MEMORANDUM OF LAW**

Section 559.77(2), Florida Statutes provides, with respect to a plaintiff's claims against a defendant, that "[i]f the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant." At least one court concluded that "this standard is equivalent to a finding that the claim was 'frivolous.' " *Shelton v. Schar*, No. 5:17-cv-86-Oc-PGBPRL, 2018 WL 3636698, at *4 (M.D. Fla. Aug. 23, 2018). The actual facts of this matter demonstrate that Mr. Jones' claims are indeed frivolous.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, parties may file a claim for attorneys' fees and costs within fourteen days of the disposition of a proceeding, including a disposition by a plaintiff's voluntary dismissal. *See, e.g.*, *Restaurant Group, LLC v. Atif Hosp. Concepts, LLC*, No. 8:17-cv-2119-T-33TGW, 2018 WL 4608256, at *4 (M.D. Fla. Apr. 12, 2018) ("Therefore, the defendant filed its motion because it was filed within fourteen days after dismissal as required by Rule 54(d)(2)(B)(i), or within thirty days as permitted by Florida law." (citing *Landry v. Countrywide Home Loans, Inc.*, 731 So. 2d 137, 140 (Fla. Dist. Ct. App. 1999)).

---

because the issue of fees and costs is separate and distinct from the question of whether dismissal is with prejudice or without prejudice.

5

Badcock's motion is timely under either federal or Florida law as it has been filed within fourteen days of this Court's order dismissing Mr. Jones' claims. (Dkt. 13).

Mr. Jones filed a claim for damages against Badcock based on an alleged violation of a section of the FCCPA that provides that no person shall "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." FLA. STAT. § 559.72(9). " 'Proof of numerous calls does not make a jury issue on liability if all must agree the creditor called only to inform or remind the debtor of the debt, to determine his reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without litigation.' " *See Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 5 (Fla. 4th DCA 2009) (quoting *Story v. J.M. Fields, Inc.*, 343 So. 2d 675 (Fla. 1st DCA 1977)). Neither the volume of calls Badcock made to Mr. Jones nor its actual conduct towards him is actionable under the FCCPA.

Badcock's records establish that it made twelve calls regarding Mr. Jones' account over eight months from October 2017 to June 29, 2018, when the last call occurred. Presumably Mr. Jones knows or should have known the approximate number of calls he received from Badcock and that the number of calls was not objectively abusive or harassing. Moreover, the twelve calls that Badcock actually made are far fewer than the fifty calls that Mr. Jones exaggeratingly alleged, further demonstrating the absence of a good-faith, factual basis for his claims against Badcock. The volume of calls in this case simply does not raise a justiciable issue under section 559.72(7) as a matter of law. *See Schauer*, 5 So. 3d at 5 (seven calls over six months "were as a matter of law neither frequent nor so harassing so as to violate section 559.72(7), Florida Statutes."); *Wolhuter v. Carrington Mortg. Servs., LLC*, No. 8:15-cv-552-MSS-TBM, 2015 WL 12819153, at

6

*3 (M.D. Fla. Oct. 28, 2015) ("The Court agrees with CMS that, as a matter of law, two calls per week is insufficient to constitute a violation of the . . . FCCPA in the absence of allegations that the calls were made in a harassing nature or pattern[.]").

More importantly, there is no question that Mr. Jones knew or should have known that he was unable to assert a justiciable claim that Badcock actually engaged in any conduct that a reasonable person could view as abusive or harassing. Badcock's business records and audio recordings of its very few interactions with Mr. Jones indisputably establish that its employees were professional and polite to him. During those interactions, Badcock reminded him of the outstanding balance on his account, encouraged him to make a payment, and advised him that he would be subject to a late payment fee if he did not make a payment during the grace period between the fifth and the fifteenth of the month. Although Mr. Jones apparently found the calls provoking based on his own volatile response to them, his own hypersensitivity does not support an FCCPA claim where his "worries were not attributable to anything wrong that [the defendant] said to" him. *Schauer*, 5 So. 3d at 5 ("Unless some latitude is given the creditor to invade, to a reasonable extent, the debtor's right of privacy, without incurring liability, we may well end up with the result that the creditor will find it preferable to proceed immediately with legal action when a debt becomes in default, without any warning to the debtor, rather than run the risk of being answerable to a supersensitive debtor[.]" (internal quotation marks and citations omitted)).

As further proof that Mr. Jones asserted frivolous claims against Badcock, he knew or should have known that he was not nearly as polite and professional as Badcock's employees during the interactions between the parties. He instead abused Badcock's employees by repeatedly making false claims and using extreme profanity. After several negative interactions with Mr. Jones, Badcock made the extreme and highly atypical decision to cease its efforts to communicate

7

with him regarding his account despite the absence of any legal reason for Badcock to forgo efforts to secure payment of the outstanding balance owed. Ironically, had the parties' roles been reversed, Mr. Jones's conduct would likely constitute a violation of the FCCPA. FLA. STAT. § 559.72(8) (providing that no person while collecting consumer debts shall "[u]se profane, obscene, vulgar, or willfully abusive language").

Based on the very small number of calls Mr. Jones actually received, Badcock's polite and professional treatment of Mr. Jones during those calls, and Mr. Jones' own egregious conduct towards Badcock, he had no justiciable FCCPA claim against Badcock but nonetheless filed the Complaint and the Demand for Arbitration. His claims lacked any factual basis and are therefore frivolous. Badcock is entitled to recover its fees and costs against him under section 559.77(2). *See, e.g.*, *Shelton*, 2018 WL 3636698, at *4 (concluding that defendants were entitled to an award of fees under section 559.77(2) after the plaintiffs voluntarily withdrew their claims where there was "no factual basis" for the plaintiffs' FCCPA claim).[3]

---

[3] The undersigned is aware of no law that would excuse Mr. Jones' obligation to pay Badcock its fees and costs pursuant to section 559.77(2) if he had asserted a TCPA claim that raises a justiciable issue of law or fact. Nonetheless, the facts unquestionably establish that his TCPA claim was equally without merit. Mr. Jones provided the -5933 phone number as a home phone number Badcock could use to contact him when he opened his account. Badcock's records and interactions with Mr. Jones reveal no request or action by him that Badcock could reasonably have understood as indicating that he was revoking consent to receive calls to the -5933 phone number specifically or to receive calls from Badcock generally. Mr. Jones presumably knew that during his few, but volatile, interactions with Badcock he did not once request that Badcock to stop calling him, but nonetheless filed a TCPA claim against Badcock. His TCPA claim, although immaterial to the analysis in section 559.77(2), therefore also failed to raise a justiciable issue of law or fact. *See Lawrence v. Bayview Loan Servicing, LLC*, 666 F. App'x 875, 879-80 (11th Cir. 2016) (noting that a customer's provision of a cell phone number on a loan application demonstrates consent to receive calls to that number); *Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1279 (11th Cir. 2017) ("As we have noted, under the common law consent ends when the actor knows or has reason to know that the person is no longer willing to allow certain conduct.").

As section 559.77(2) requires a court to make findings in support of an award of attorneys' fees and costs in a defendant's favor, Badcock believes an evidentiary hearing is necessary. Accordingly, Badcock requests that this Court schedule an evidentiary hearing on the present motion. At the hearing, Badcock will present the evidence demonstrating that Mr. Jones' TCPA and FCCPA claims failed to raise a justiciable issue of law or fact and were frivolous, and that the absence of a genuine, good-faith claim against Badcock should have been obvious to Mr. Jones in light of his own extreme behavior.

WHEREFORE, Badcock respectfully requests that this Court enter an order granting this motion; finding that Mr. Jones' TCPA and FCCPA claims failed to raise a justiciable issue of law or fact; awarding Badcock its reasonable attorneys' fees and costs incurred in having to defend against and respond to Mr. Jones' claims pursuant to section 559.77(2), Florida Statutes; and awarding such further relief as the Court deems just and proper.

Dated: April 29, 2019.

Respectfully submitted,

*/s/ Christopher L. DeCort*
CHRISTOPHER L. DECORT
Florida Bar No. 89009
cdecort@jclaw.com
JAMES JEFFREY BURNS
Florida Bar No. 111395
jburns@jclaw.com
JOHNSON & CASSIDY, P.A.
324 S. Hyde Park Ave, Suite 325
Tampa, Florida 33606
Telephone: (813) 699-4859
Facsimile: (813) 235-0462
*Attorneys for Defendant, W.S. Badcock Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2019, a true and correct copy of the foregoing was electronically filed with the United States District Court, Middle District of Florida, by using the CM/ECF System, which will serve a copy on all counsel of record.

*/s/ Christopher L. DeCort*
Attorney

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I HEREBY CERTIFY that I conferred with counsel for Plaintiff on multiple occasions, including by telephone on today's date, in a good faith effort to resolve the issues raised by this motion. An agreement could not be reached, however, and Plaintiff opposes the relief requested herein.

*/s/ Christopher L. DeCort*
Attorney